## THE STATE OF IOWA

AT

## DES MOINES, MAY TERM, A. D. 1895.

AND IN THE FORTY-NINTH YEAR OF THE STATE.

| 95 | 1 |
|-----|-----|
| 101 | 542 |

---

HUMBOLDT STATE BANK, v. W. L. ROSSING, Appellant, AND O. S. OLESON AND T. A. HALLANGER.*

**Suit Against Indorser:** ESTOPPEL. Defendant was the payee of a note which, as to indorsers, waived presentation, notice of non-payment, protest and notice of protest. He indorsed it in blank. The indorsee took a note in renewal which had some forged signatures. It had no reason to suspect the forgery or means at hand to determine genuineness. It brought suit on the renewal note six months after its maturity. Three months later, being then convinced of the forgery, it amended, asking judgment against the indorser on the original note, which was surrendered

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

to its maker when the renewal was taken.  *Held*, there was no negligence estopping a recovery against the indorser.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, MAY 23, 1895.

Plaintiff states as its cause of action, in substance, as follows:    That the defendants Hallanger and Oleson made their two promissory notes in writing, payable to defendant W. L. Rossing, or order, six months after date, with eight per cent. interest, one note being for fifty-two dollars and fifty cents, and the other for one hundred and five dollars.    That said notes contained a stipulation that the indorsers waived presentation for payment, notice of nonpayment, protest, and notice of protest, and diligence in bringing suit against any party thereto; that before the maturity of said notes the defendant Rossing indorsed the same to plaintiff for value; that on the twenty-second day of January, 1892, the defendant Hallanger, to renew said notes, with two others held by plaintiff against him, delivered to plaintiff another promissory note in writing, for two hundred and eighty dollars and twenty-five cents, due ninety days after date, with eight per cent. interest, signed by said F. A. Hallanger, and purporting to be also signed by the defendants O. S. Oleson, C. Oleson, and Martin Monson; that the signatures of O. S. Oleson, C. Oleson, and Martin Monson, on said note, were forgeries made by the defendant Hallanger; that, believing said signatures to be genuine, the plaintiff took said note in renewal of the two notes sued upon and said other two notes, and canceled and surrendered to said Hallanger the two notes sued upon; that no part of said notes in suit has been paid,

and that defendant Hallanger, is insolvent. Where-
fore, plaintiff prays that the cancellation of the two
notes sued upon be canceled, and that he have judg-
ment thereon against the makers, and against the
indorser W. L. Rossing, for one hundred and twenty-six
dollars and twenty cents, with interest, costs, and
attorney's fees. The defendant Hallanger did not
answer. The defendant O. S. Oleson answered, alleg-
ing that his signature to both of the notes sued upon
is a forgery. Defendant Rossing answered, stating as
his defense, in substance, as follows: That in taking
said forged note in renewal the plaintiff was guilty of
inexcusable negligence, and was negligent in not sooner
claiming that said two hundred and eighty dollars and
twenty-five cent note was not genuine, and that
defendant was liable on the canceled notes; that at
the time of said renewal said Hallanger was solvent,
and defendant could have indemnified himself if claim
had been made against him; that Hallanger is now
insolvent; and that, by reason of said neglect of the
plaintiff, it is estopped from now asking a judgment
against the appellant. He alleges as further defense
that he was the agent of the plaintiff for the purpose
of loaning out money; that the notes sued upon were
taken from Hallanger for money of the plaintiff loaned
to him through the defendant as such agent; that the
agreement was that he should take notes for such loans
to himself, and indorse them to the plaintiff; and that
he should not be held liable upon such indorsements.
The cause was tried to the court, and judgment ren-
dered in favor of the defendant O. S. Oleson, and against
the defendants Rossing and Hallanger for the amount
asked in the petition. The defendant Rossing appeals.
—*Affirmed.*

*R. M. Wright* for appellant.

P. *Finch* for appellee Humboldt State Bank.

*Botsford, Healy & Healy* for appellee O. S. Oleson.

Given, C. J.—I. The following are the facts as conceded, or fairly established by the evidence: The notes in suit were taken by appellant from the defendant Hallanger on account of dealings between them, and not for money loaned by the plaintiff to Hallanger through defendant as its agent. Said notes were indorsed by appellant to the plaintiff without any agreement limiting his liability as indorser. The signature, "O. S. Oleson," appearing to said note, is a forgery, but that fact was unknown to appellant at the time he indorsed the notes to plaintiff. Plaintiff received the two hundred and eighty dollars and twenty-five cent note in renewal of the notes in suit and the two other notes of Hallanger; believing the signatures of O. S. Oleson, C. Oleson, and Martin Monson thereto to be genuine, while in fact they are forgeries. Within a reasonable time after learning that the genuineness of said signatures to the two hundred and eighty dollars and twenty-five cent note was questionable, plaintiff proceeded to assert its rights under the notes in suit, and the indorsements thereof. Appellant's contention is that the bank was negligent in not discovering these forgeries at the time it took the renewal note. We do not think the evidence sustains this contention. No reason appears why the plaintiff's officers should have suspected the forgery, nor does it appear that they had the facilities for determining by comparison, the genuineness of the signatures. The court below found—and correctly, we think—that the signatures, "O. S. Oleson," to the notes in suit, were forgeries; and, while there is much testimony based upon comparison of signatures, there was nothing at

the command of the bank at the time the renewal note was taken to cause it to suspect, much less to know, of the forgeries that Hallanger had committed. The bank exercised usual care in taking the renewal note.

It is contended that the bank was negligent in not sooner notifying the makers of the renewal note to pay the same. That note was not due until April 22, 1892, and this action was brought November 5, 1892. It was originally brought upon the renewal note; plaintiff evidently then not being convinced that it was a forgery, but afterward, being so convinced, did, on the thirty-first day of January, 1893, amend its petition so as to claim as already stated. We do not think there was any such negligence on the part of the plaintiff, either in receiving the renewal note, or in asserting its rights upon the notes in suit, as should estop it from now demanding judgment against appellant upon the indorsement. As already stated, we think the evidence fails to establish appellant's allegation that the notes in suit were taken for money of the plaintiff loaned through him as agent, or that he indorsed the notes in pursuance of any verbal agreement limiting his liability as indorser. Numerous questions are discussed, but the only reasons urged why appellant is not liable upon his indorsement are that the plaintiff is estopped by its negligence, and that his liability as indorser was limited by parol agreement. We do not think either of these defenses is established, and our conclusion is that the judgment of the district court should be *affirmed*.